UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICHARD A. SPANN-EL,

    Plaintiff,

    v.                                     CAUSE NO. 3:22-CV-541-JD-MGG

IND. STATE OF, et al.,

    Defendants.

OPINION AND ORDER

Richard A. Spann-El, a prisoner without a lawyer, began this case by filing a motion for a permanent injunction. (ECF 1.) Although he did not file a complaint, a "document filed pro se is to be liberally construed," and so the court will construe the motion as also being his complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Spann-El did not pay the filing fee nor seek leave to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915(g), he is barred from proceeding in forma pauperis unless he is under imminent danger of serious physical injury because he has filed three cases that were dismissed as frivolous, malicious, or for failure to state a claim.[1] *See Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). In order to meet the imminent danger standard, the threat complained of must be "real and proximate."

---

[1] Court records reflect that Mr. Spann-El incurred strikes in the following cases: (1) *Spann-El v. State of Indiana, et al.*, 3:20-CV-785-DRL-MGG (N.D. Ind. filed Sept. 17, 2020), dismissed September 22, 2020, pursuant to 28 U.S.C. § 1915A for failure to state a claim; (2) *Spann-El v. State of Indiana, et al.*, 3:20-CV-741-DRL-MGG (N.D. Ind. filed Aug. 31, 2020), dismissed September 3, 2020, pursuant to 28 U.S.C. § 1915A for failure to state a claim; and (3) *Spann-El v. State of Indiana, et al.*, 3:20-CV-595-DRL-MGG (N.D. Ind. filed July 16, 2020), dismissed September 3, 2020, pursuant to 28 U.S.C. § 1915A for failure to state a claim.

*Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citation omitted). "Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed." *Id.* In plain terms, only "genuine emergencies" qualify as a basis for circumventing the three-strikes provision. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Additionally, "[c]ourts don't accept allegations of danger uncritically." *Sanders v. Melvin*, 873 F.3d 957, 960 (7th Cir. 2017); *see also Taylor v. Watkins*, 623 F.3d 483, 485 (7th Cir. 2010) ("[I]t has never been the rule that courts must blindly accept a prisoner's allegations of imminent danger."). Courts "routinely" deny leave to proceed where imminent-danger allegations "are conclusory or ridiculous, or where they concern only past injuries." *Taylor*, 623 F.3d at 485 (citation and internal quotation marks omitted).

Mr. Spann-El, an inmate at Miami Correctional Facility ("MCF"), complains about a number of issues. He alleges that he is not being properly treated for mental health issues, but he is already proceeding on a claim related to his mental health treatment in another case filed only a few weeks ago. *See Spann-El v. Warden*, 3:22-CV-450-JD-MGG (N.D. Ind. filed June 10, 2022). It is "malicious" for him to use the in forma pauperis statute to file lawsuits containing duplicative claims. *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *see also Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (federal suit may be dismissed when it duplicates claims in another pending lawsuit). He will not be permitted to proceed on any claim related to his mental health treatment in this lawsuit.

He also raises a number of issues that do not implicate an imminent danger of serious physical injury. Specifically, he claims that when he was placed in a new cell

recently it was dirty and had "others hair everywhere." He claims his gym shoes and glasses have gone missing since his move, he needs a toothbrush and soap, and he was not given an inventory list of his personal property by prison staff. He additionally claims that the prison is overcrowded, there aren't enough guards, there have been numerous lockdowns, and at times he has been unable to have recreation. These are the sort of allegations "that do[] not come within shouting distance of" an imminent danger claim. *George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007). "Observations about the general dangers of prison life" do not establish imminent danger under 28 U.S.C. § 1915(g). *Sanders*, 873 F.3d at 960. Were it otherwise, "the statute would not serve to curtail litigation by those who have demonstrated a propensity to make baseless or malicious claims." *Id.*

That leaves his claim that he is not being adequately protected from harm by other inmates. His allegations are somewhat vague, particularly as to the relevant dates, but giving them liberal construction, he claims that he was previously assaulted by an unnamed inmate or inmates sometime after February 2020. He claims circumstances led him to file a request for protective custody two months ago, and he was placed in restrictive housing for approximately four or five days, but was then released to general population. He claims after his return to general population he was "brutally assaulted" by unknown inmates, including suffering an injury to his eye that is causing him to "go[] blind." The complaint can be read to allege that he is not presently in protective custody and is concerned that he is going to be attacked again. He states that he is going to "kill someone for trying to hurt me or either kill myself." (ECF 1 at 4.)

3

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010); *see also Junior v. Anderson*, 724 F.3d 812, 815 (7th Cir. 2013) (reversing summary judgment for defendant where jury could infer that guard's act of letting inmates out of cells and then leaving her post exhibited a "conscious disregard of a significant risk of violence").

The court concludes that he has stated a valid claim of imminent danger. The Warden of MCF has both the authority and the responsibility to ensure inmates at this facility receive protection from harm by other inmates as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). The Warden will be added as a defendant and Mr. Spann-El will be granted leave to proceed against him on an official capacity claim for permanent injunctive relief related to his need for protection from other inmates.

He also names as defendants the United States of America, the State of Indiana, and the prison itself. Aside from the fact that he has not plausibly alleged any involvement in these events by the federal government, the United States has sovereign immunity from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Likewise, the State of Indiana has Eleventh Amendment immunity in federal court. *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019). The prison is a building, not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). These defendants will be dismissed.

His complaint can be read to request an immediate injunction. Specifically, he asks that he be transferred to another prison immediately due to the risk of harm he allegedly faces at MCF. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its

5

case." *Id*. at 763 (quotation marks omitted). As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

Furthermore, mandatory preliminary injunctions—"those requiring an affirmative act by the defendant" like the one Mr. Spann-El seeks—are "cautiously viewed and sparingly issued." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). Additionally, in the prison context, the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted); *see also Rasho v. Jeffreys*, 22 F.4th 703, 711-13 (7th Cir. 2022) (outlining the strict limitations on granting injunctive relief under the Prison Litigation Reform Act).

Based on the very limited information presently before the court, it is unclear if Mr. Spann-El can demonstrate a likelihood of success on a claim that he is not receiving adequate protection from other inmates in violation of the Eighth Amendment. Therefore, the court will order a response from the Warden before taking further action on Mr. Spann-El's request for a preliminary injunction.

For these reasons, the court:

(1) DIRECTS the clerk to separately docket the motion for permanent injunction (ECF 1) as a complaint under 42 U.S.C. § 1983;

(2) DIRECTS the clerk to redesignate the motion for a permanent injunction (ECF 1) as a motion for preliminary and permanent injunctive relief;

(3) DIRECTS the clerk to add the Miami Correctional Facility Warden as a defendant;

(4) GRANTS the plaintiff leave to proceed against the Miami Correctional Facility Warden in an official capacity to obtain permanent injunctive relief to protect him from harm by other inmates as required by the Eighth Amendment;

(5) DISMISSES all other claims;

(6) DISMISSES Ind. State of, USA, and MCF as defendants;

(7) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) the Miami Correctional Facility Warden at the Indiana Department of Correction, with a copy of this order and the preliminary injunction motion;

(8) DIRECTS the clerk to fax or email a copy of the same documents to the Miami Correctional Facility Warden at the Miami Correctional Facility;

(9) ORDERS, under 42 U.S.C. § 1997e(g)(2), the Miami Correctional Facility Warden to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order; and

(10) ORDERS the Miami Correctional Facility Warden to file and serve a response to the preliminary injunction, as soon as possible but not later than **August 10, 2022**, with supporting documentation and declarations from other staff as necessary,

describing whether the plaintiff is currently at risk of harm from other inmates and what steps are being taken to protect him from harm.

    SO ORDERED on July 15, 2022

                                              /s/JON E. DEGUILIO  
                                              CHIEF JUDGE  
                                              UNITED STATES DISTRICT COURT